UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDY SENCHUK,   **DEMAND FOR JURY TRIAL**
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, and
NATIONWIDE COLLECTION AGENCIES, INC.
dba MONEY RECOVERY NATIONWIDE,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, BRANDY SENCHUK, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendants, plead as follows:

### JURISDICTION

1. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq [hereinafter "FCRA"]) and against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

2. Venue is proper in the Eastern District of Michigan as the Defendants conduct business in Alpena County, Michigan.

## PARTIES

3. Plaintiff is a natural person residing in Alpena, Alpena County, Michigan.

4. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the state of Michigan; and

    b. Nationwide Collection Agencies, Inc. dba Money Recovery Nationwide ("Money Recovery Nationwide") is a Michigan corporation that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

5. Money Recovery Nationwide is incorrectly reporting its trade lines with a balance and an incorrect status of undesignated bankruptcy chapter ("Errant Trade Lines").

6. Prior to July 6, 2017, Ms. Senchuk filed for Chapter 7 bankruptcy.

7. On or about July 6, 2017, Ms. Senchuk's received a discharge from the bankruptcy court.

8. All of the Errant Trade Lines were included in the bankruptcy.

9. On October 16, 2017, Ms. Senchuk obtained her Equifax credit file and noticed the Errant Trade Lines reporting with a balance and incorrect status of undesignated bankruptcy chapter.

10. On or about November 15, 2017, Ms. Senchuk submitted a letter to Equifax disputing the Errant Trade Lines.

11. In this dispute letter, Ms. Senchuk explained that the Errant Trade Lines were discharged in her Chapter 7 Bankruptcy in July 2017, attached the Order of Discharge and asked the credit bureaus to delete the Errant Trade Lines.

12. Upon information and belief, Equifax forwarded Ms. Senchuk's consumer dispute to Money Recovery Nationwide.

13. On or about November 29, 2017, Ms. Senchuk received Equifax's investigation results, which showed that Errant Trade Lines are still reporting with a balance and inaccurate status of Bankruptcy Undesignated Chapter.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve

he financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY MONEY RECOVERY NATIONWIDE

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Ms. Senchuk is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating credit information which is known or which should be known to be false. Defendant violated this provision of the FDCPA when it continued to falsely report the trade lines on Plaintiff's credit files after having received Plaintiff's dispute.

4

20. Ms. Senchuk has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MONEY RECOVERY NATIONWIDE

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax of Ms. Senchuk's consumer dispute to the Errant Trade Lines, Money Recovery Nationwide negligently failed to conduct a proper investigation of Ms. Senchuk's dispute as required by 15 USC 1681s-2(b).

23. Money Recovery Nationwide negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Errant Trade Lines from Ms. Senchuk's credit file.

24. The Errant Trade Lines are inaccurate and creating a misleading impression on Ms. Senchuk's consumer credit file with Equifax to which it is reporting such trade line.

25. As a direct and proximate cause of Money Recovery Nationwide's negligent failure to perform its duties under the FCRA, Ms. Senchuk has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Money Recovery Nationwide is liable to Ms. Senchuk by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Ms. Senchuk has a private right of action to assert claims against Money Recovery Nationwide arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Money Recovery Nationwide for damages, costs, interest and attorneys' fees.

## COUNT III

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MONEY RECOVERY NATIONWIDE**

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Equifax that Ms. Senchuk disputed the accuracy of the information it was providing, Money Recovery Nationwide willfully failed to conduct a proper reinvestigation of Ms. Senchuk's dispute.

30. Money Recovery Nationwide willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Money Recovery Nationwide's willful failure to perform its respective duties under the FCRA, Ms. Senchuk has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. Money Recovery Nationwide is liable to Ms. Senchuk for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Money Recovery Nationwide for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Senchuk as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Senchuk that was false, misleading and inaccurate.

36. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Senchuk, in violation of 15 USC 1681e(b).

37. After receiving Ms. Senchuk's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Senchuk has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Equifax is liable to Ms. Senchuk by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT V

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Senchuk as that term is defined in 15 USC 1681a.

42. Such reports contained information about Ms. Senchuk that was false, misleading and inaccurate.

43. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Senchuk, in violation of 15 USC 1681e(b).

44. After receiving Ms. Senchuk's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Senchuk has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

46. Equifax is liable to Ms. Senchuk by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: December 29, 2017   /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
CARL SCHWARTZ (P70335)
MARK LINTON (P66503)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com